<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TAMIQUE DOSS, | **Civil Action No. 19-18139 (SRC)** |
| Plaintiff, |  |
|  | **OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Tamique Doss ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning April 24, 2012. A hearing was held before ALJ Michael S. Hertzig (the "ALJ") on June 23, 2016, and the ALJ issued an unfavorable decision on August 30, 2016. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of August 30, 2016, the ALJ found that, at step two, Plaintiff had two severe physical impairments, but no severe mental health impairments. At step three, the ALJ found that Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of light work. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) at step two, the ALJ erred in finding no severe mental health impairments; and 3) at step four, the ALJ erred in finding no limitations to Plaintiff's residual functional capacity due to mental health impairments.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff first argues that the ALJ erred in failing to find any severe mental health impairments at step two.  This Court agrees with Plaintiff that, under Third Circuit law, the ALJ's step two determination is in error.  The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).  The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  SSR 85-28, 1985 SSR LEXIS 19 at *6-8.  Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue.  *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.")  In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed

3

with close scrutiny" and are "certain to raise a judicial eyebrow."  McCrea, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ erred in determining that Plaintiff had no severe mental health impairments at step two.  The key question is, however, whether, pursuant to Shinseki, Plaintiff has demonstrated that she was harmed by this error, and this Court finds that she has not done so.  At step two, the ALJ found two other severe impairments.  Had the total count been three or four, instead of two, it would not have made any difference to the outcome.  This Court finds no prejudice to Plaintiff in any error at step two.  Plaintiff has failed to persuade this Court that the ALJ's error at step two harmed her.

Federal Rule of Civil Procedure 61 states: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."  This Court finds that the ALJ's error at step two did not affect Plaintiff's substantial rights under the Social Security Act.  It is harmless error.

Second, Plaintiff argues that, at step four, the ALJ erred in finding no limitations to Plaintiff's residual functional capacity due to mental health impairments.  At the outset, the Court observes that Plaintiff's opening brief combines the arguments about step two and step four; the ALJ essentially did the same in the decision.  Although this Court agrees with Plaintiff that the ALJ ultimately erred in the determination of severe impairments at step two, the ALJ explained the basis for concluding that Plaintiff has not demonstrated any significant limitations to her functioning due to mental health problems.  The fact that this explanation appeared in the section on step two, instead of the section on step four, is a matter of form, not substance.

The Third Circuit has stated:

4

> In *Burnett*, we held that an ALJ must clearly set forth the reasons for his decision. 220 F.3d at 119. . . . The ALJ must provide a "discussion of the evidence" and an "explanation of reasoning" for his conclusion sufficient to enable meaningful judicial review. *Id.* at 120; *see Jones v. Barnhart*, 364 F.3d 501, 505 & n.3 (3d Cir. 2004).   The ALJ, of course, need not employ particular "magic" words: "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis."   *Jones*, 364 F.3d at 505.

Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 504 (3d Cir. 2009).   In Diaz, the Third Circuit made clear that the law requires sufficient discussion of the evidence and explanation of reasoning to enable meaningful review, but that no particular format is required.   This Court finds that, in the instant case, the ALJ's discussion at step two provides what the law requires.

At step two, the ALJ reviewed and discussed the mental health evidence of record.   In summary, the ALJ discussed: 1) the report from Dr. Williamson, who provided diagnoses of psychiatric conditions, but no limitations to functioning at work; 2) the report from Dr. Shah, who found no psychiatric deficits; 3) the state agency reviewer, who opined that Plaintiff's mental health impairments were not severe; 4) the evidence from Dr. Clinton, who reported severe mental health problems; and 5) the testimony of Dr. Lankford, who testified at the hearing about his review of the evidence of record, and who concluded that Plaintiff had no significant mental health problems.   (Tr. 20-22.)   The ALJ discussed Dr. Lankford's testimony about the evidence from Dr. Clinton, and the ALJ adopted Dr. Lankford's reasoning about the evidence from Dr. Clinton.   (Tr. 22.)   The ALJ gave greatest weight to the opinion of the state agency reviewer.   (Tr. 21.)

The ALJ's decision thus contains sufficient discussion of the evidence and explanation of reasoning to enable meaningful review.   It also provides sufficient basis to conclude that the implicit determination that Plaintiff has no limitations to her residual functional capacity due to

mental health problems is supported by substantial evidence. The Court notes that Plaintiff's brief does not dispute any of the ALJ's statements about the mental health evidence. The undisputed evidence of record, then, shows only one expert opinion that found Plaintiff to have limitations to her functioning due to mental health, the evidence from Dr. Clinton. The ALJ provided an explanation for his decision to give little weight to the evidence from Dr. Clinton, and Plaintiff has not challenged this decision. Even though this Court finds that the ALJ erred as to the legal standard to apply at step two, this Court finds that the ALJ's substantive determination that Plaintiff's functioning is not limited by any mental health impairments is supported by substantial evidence. Moreover, Plaintiff has not disputed any evidence, nor any of the elements of the ALJ's reasoning about this evidence.

Last, Plaintiff challenges the determination at step four that Plaintiff retains the residual functional capacity to perform her past relevant work. Plaintiff argues that "modest psychiatric limitations," had such been found, would have precluded performing one task at work, the use of a firearm. This is speculative and irrelevant. As just discussed, the ALJ's determination that Plaintiff has no such limitations is supported by substantial evidence.

Plaintiff has persuaded this Court that the ALJ erred in his decision at step two, but not that Plaintiff was harmed by this error. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                          s/ Stanley R. Chesler
                                                                     STANLEY R. CHESLER, U.S.D.J.

Dated: August 26, 2020